UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY GURLEY,<br>　　　　Plaintiff,<br>v.<br>MICHAEL F. SHEAHAN, et. al,<br>　　　　Defendants. | No. 06 C 3454<br>Judge Rebecca R. Pallmeyer |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

　　NOW COME Defendants Michael F. Sheahan, Scott Kurtovich, and Ardell Hall by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Romano D. DiBenedetto, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Honorable Court for summary judgment. In support of their motion, Defendants state as follows:

**INTRODUCTION**

　　Plaintiff, Johnny Gurley, brings this action under the Civil Rights Act, Title 42 § 1983 of the United States Code and challenges his conditions of confinement while a detainee at the Cook County Department of Corrections ("Jail"). Plaintiff alleges numerous complaints for a period of time in 2005, during which he contends that he was housed in Division 5. For the reasons set forth below, each of Plaintiff's complaints fails to constitute a constitutional violation and fails to comport with the requirements of the Prison Litigation Reform Act. Moreover, Plaintiff's complaints concern periods of time during which he was not housed at the Jail. Accordingly, Defendants ask that this Court grant summary judgment in their favor on all aspects of Plaintiff's complaint.

**SUMMARY JUDGMENT STANDARD OF REVIEW**

　　Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's

favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L.Ed. 2d 202, 106 S.Ct. 2505 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who will bear the burden of proof on a particular issue at trial may not rest on the pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact, which requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

## ARGUMENT

**I.  Defendants are entitled to summary judgment because each of Plaintiff's complaints about his conditions of confinement fails to demonstrate at least one of the following elements for recovery under 42 U.S.C. § 1983: (1) the elements of the "Deliberate Indifference" Analysis; (2) the elements for establishing either an individual or official capacity claim against any Defendant; or (3) physical injury as required by the Prison Litigation Reform Act.**

    **1.  The elements of deliberate indifference:**

A plaintiff is entitled to relief for conditions of confinement as a pretrial detainee only if he can establish that the condition satisfies the elements of the "Deliberate Indifference" Analysis. Claims of unconstitutional conditions of confinement by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause. *Anderson v. Gutschenritter*, 836 F.2d 346, 348-349 (7th Cir. 1988). The relevant question for a due process analysis is whether the challenged condition constitutes punishment in the same sense as punishment under the Eighth Amendment. *Block v. Rutherford*, 468 U.S. 576, 583 (1984); *Tesch v. County of Green Lake,* 157 F.3d 465, 473 (7th Cir. 1998); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1094 (7th Cir. 1986

In *Wilson v. Seiter*, the Supreme Court provided a two-prong standard to guide the determination of whether conditions of confinement reach unconstitutional proportions. *Wilson v. Seiter*, 501 U.S. 294 (1991). The *Wilson* Court refused to impose liability on prison officials solely because of the presence of objectively inhumane prison conditions. *Id.* at 299-302. Thus, courts must consider both an objective and a subjective component. The objective component

asks whether the alleged deprivation was sufficiently serious to rise to the level of a constitutional violation and looks to the conditions themselves. *Id.* The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measure of life's necessities" are serious enough to implicate the constitution. *Rhodes v. Chapman*, 452 U.S. 337 (1981), *see also*, *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992).

The subjective component requires the court to examine whether the defendant acted with the requisite culpable state of mind. *Wilson,* 501 U.S. 294. The subjective component is met if a prison official acts with deliberate indifference, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S.Ct. 1970 (1994).

The Seventh Circuit has rejected a negligence standard when considering the "deliberate indifference" approach, noting that the plaintiff must show that the defendant intended for him to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but were indifferent to that risk. *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991). *See also*, *Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999).

The United States Supreme Court has considered the "deliberate indifference" standard and affirmed its application requiring the plaintiff to show subjective recklessness in the criminal law sense in order to form the basis of section 1983 liability on the part of prison officials. *Farmer*, at 1979-81. As previously stated, the Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments". *Id.* Therefore, a prison official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as an infliction of punishment. *Id.* at 1979. "(T)he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference". *Id.* If either the objective or subjective prong is not satisfied, a plaintiff cannot make out a conditions claim. *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).

**2.    The elements of individual and official capacity claims:**

In order to hold defendants personally liable for the alleged deliberate indifference to his medical needs, a plaintiff must show that each defendant was personally involved in the alleged deprivation of his constitutional rights. *See Duckworth v. Franzen,* 780 F.2d 645, 650 (7th Cir.

1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). A plaintiff must "allege facts, not mere conclusions, demonstrating the supervisor's personal involvement in the unconstitutional activities of subordinates." *Grays v. Bartelt,* 714 F.Supp. 293, 295 (N.D. Ill. 1989) (emphasis deleted). Finally, after showing facts demonstrating knowledge on the part of supervisory personnel, the plaintiff must show a causal connection or an affirmative link between the conduct of the supervisory personnel and the alleged injury. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983).

To succeed on an official capacity claim, a plaintiff must demonstrate "that an official policy or custom of the Sheriff's Department was responsible for [his] mistreatment." *Holmes v. O'Grady,* No. 87 C 6522, 1990 U.S. Dist. LEXIS 594, at *13 (N.D. Ill. Jan. 18, 1990) (citation omitted), *rev'd in part on other grounds, Holmes v. Sheahan,* 930 F.2d 1196 (7th Cir. 1991) (citing *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978)). Moreover, there is no recovery on an official capacity claim "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24.

### 3. **Physical injury as required by the Prison Litigation Reform Act.**

Apart from meeting the objective and subjective components of the "Deliberate Indifference" Analysis, a plaintiff must also demonstrate physical injury resulting from his conditions of confinement. The Prison Litigation Reform Act ("PLRA") prohibits claims for mental or emotional injury without a prior showing of physical injury. 42 U.S.C. § 1997e(e) of the PLRA provides:

> No Federal Civil Action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

*See Cassidy v. Indiana Dep't of Corrections*, 199 F.3d 374, 375 (7th Cir. 2000) (Section 1997e(e) barred blind inmate's claims for damages for mental and emotional injuries under the Americans with Disabilities and Rehabilitation Act).

Turing to Plaintiff's complaints about his conditions of confinement in the instant case, each complaint fails to satisfy at least one of the above-referenced elements for recovery under

42 U.S.C. § 1983. Accordingly, this Court should grant summary judgment in Defendants' favor.

**Tobacco:**

Plaintiff seeks relief under § 1983 based on complaints about exposure to second-hand smoke. (56.1(a) ¶3, Plaintiff's Complaint and Defendants' Exhibit 1 at 7). Plaintiff describes the effect of the smoke as bad on his breathing. (56.1(a) ¶3, Defendants' Exhibit 1 at 7). Nonetheless, Plaintiff had asthma before coming into the jail and suffered no asthma attacks while in the jail. (56.1(a) ¶3, Defendants' Exhibit 1 at 37).

Simply being exposed to second-hand smoke does not satisfy the "Deliberate Indifference Analysis". *Henderson v. Sheahan*, 196 F.3d 839 (7th Cir. 1999) (analyzing the elements of deliberate indifference and affirming dismissal of complaint about second-hand smoke because the smoke caused no "serious" health problems to which the defendants were deliberately indifferent). Regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall, Plaintiff cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury. Finally, Plaintiff's complaints about second hand smoke do not demonstrate physical injury required by PLRA.

**Temperatures:**

Plaintiff seeks relief under § 1983 based on complaints of being exposed to cold temperatures during his stay at the jail. (56.1(a) ¶4, Plaintiff's Complaint and Defendants' Exhibit 1 at 9). While at the jail, Plaintiff complained to Officers Baker and Moore and Lieutenant Maggiore about being sick and not about the cold. (56.1(a) ¶4, Defendants' Exhibit 1 at 12). Plaintiff's own testimony establishes that jail officials, including Defendant Hall, were working on trying to fix the temperature problem and ventilation system. (56.1(a) ¶4, Defendants' Exhibit 1 at 18-19).

Accordingly, regarding demonstrating the elements of deliberate indifference, Plaintiff cannot establish that Defendant Sheahan, Defendant Kurtovich, or Defendant Hall knew of and disregarded an excessive risk to Plaintiff's health or safety, as required by the subjective component of deliberate indifference. Moreover, regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall,

5

Plaintiff cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury. In terms of establishing anything, Plaintiff's own testimony establishes that jail officials were trying to fix any temperature problems at the Jail. (56.1(a) ¶4, Defendants' Exhibit 1 at 18-19).

**Exposure to insects and rodents:**

Plaintiff seeks relief under § 1983 based on complaints of being exposed rodents and insects at the jail, however, admits that he received no injury from either the rodents or the insects. (56.1(a) ¶5, Plaintiff's Complaint and Defendants' Exhibit 1 at 8-9). Thus, Plaintiff's complaint does not demonstrate physical injury required by PLRA.

**Defective light fixture, metal edge, water on floor:**

Plaintiff seeks relief under § 1983 based on complaints of a defective light fixture; nonetheless, he was not shocked or cut when he removed a light bulb from it. (56.1(a) ¶6, Plaintiff's Complaint and Defendants' Exhibit 1 at 16). Plaintiff also complains of an air vent with a loose metal edge, which could be used to make a weapon, but is unaware of anyone actually making a shank out of that edge. (56.1(a) ¶7, Plaintiff's Complaint and Defendants' Exhibit 1 at 17). Finally, Plaintiff complains that he cleaned up water on the floor of the dayroom, but the water did not run into his cell. (56.1(a) ¶8, Plaintiff's Complaint and Defendants' Exhibit 1 at 20). Accordingly, Plaintiff's complaint does not demonstrate physical injury required by PLRA. *Funchess v. Doe*, 96 C 4767, 1997 U.S. Dist. Lexis 162 (1997) (exposed heating pipes and electrical wires do not give rise to § 1983 claim without an injury); citing *Morrisette v. Peters*, 45 F.3d 1119 (7th Cir. 1995) (exposed wiring that gave the plaintiff a shock was a "minor hazard easily avoided" and did not violate the *Eighth Amendment*.

**Improper ventilation:**

Plaintiff seeks relief under § 1983 based on alleged defects in the ventilation system at the jail. (56.1(a) ¶7, Plaintiff's Complaint and Defendants' Exhibit 1 at 18-19). Yet, assuming *arguendo* the existence of defects, Plaintiff's own testimony establishes that jail officials, including Defendant Hall, were working on trying to fix the temperature problem and ventilation system. (56.1(a) ¶7, Defendants' Exhibit 1 at 18-19). Accordingly, regarding demonstrating the elements of deliberate indifference, Plaintiff cannot establish that Defendant Sheahan, Defendant Kurtovich, or Defendant Hall knew of and disregarded an excessive risk to Plaintiff's health or

safety, as required by the subjective component of deliberate indifference. Moreover, regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall, Plaintiff cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury.

**Sleeping on a mattress on the floor because of over crowding:**

Plaintiff seeks relief under § 1983 based on complaints of having to sleep on the floor. (56.1(a) ¶8, Plaintiff's Complaint and Defendants' Exhibit 1 at 21-22). However, Plaintiff also testified that the reason for having to sleep on the floor was due to overcrowding. (56.1(a) ¶8, Defendants' Exhibit 1 at 21-22). He also testified that he was provided with a mattress matching the mattresses on the bunks. (56.1(a) ¶8, Defendants' Exhibit 1 at 21-22). Finally, Plaintiff acknowledged that he slept on the floor for a month and a half and that he moved to a bunk as soon as one became available in his cell. (56.1(a) ¶8, Defendants' Exhibit 1 at 21-22).

Plaintiff's complaint about sleeping on a mattress on the floor fails to reach constitutional magnitude for a couple of reasons. First, an inmate having to sleep on a mattress on the floor for a brief time due to the jail being crowded does not constitute a deprivation denying the "minimal civilized measure of life's necessities", as required by the objective component of the deliberate indifference analysis. *Lynch v. Sheahan*, 1992 U.S. Dist. LEXIS 13858 (N.D. Ill. September 11, 1992) (no constitutional violation found when inmate has been housed in an infested cell without a standing bed as the result of crowded conditions at CCJ, not as punitive measure directed against inmate); See also *Johnson v. Fairman*, 1997 U.S. Dist. LEXIS 3516 (N.D. Ill. March 24, 1997); *Fisher v. C.C.D.O.C. Jail*, 1998 U.S. Dist. LEXIS 9235 (N.D. Ill. June 19, 1998); *Johnson v. Fairman*, 1997 U.S. Dist. LEXIS 3516 (N.D. Ill. March 24, 1997); *Chavis v. Fairman*, 1994 U.S. Dist. LEXIS 1850 (N.D. Ill. February 22, 1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 759 (N.D. Ill. 1993);

Apart from failing to establish the objective component, Plaintiff also cannot establish the subjective component of the deliberate indifference analysis. Plaintiff acknowledged that the reason for sleeping on the floor was due to overcrowding, that he was provided with a mattress, and that he moved to a bunk when one became available a month and a half later. (56.1(a) ¶8, Defendants' Exhibit 1 at 21-22). Accordingly, regarding demonstrating the subjective element of

deliberate indifference, Plaintiff cannot establish that Defendant Sheahan, Defendant Kurtovich, or Defendant Hall knew of and disregarded an excessive risk to Plaintiff's health or safety.

Finally, regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall, Plaintiff cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury.

**Excessive noise:**

Plaintiff seeks relief under § 1983 based on complaints of excessive noise. (56.1(a) ¶9, Plaintiff's Complaint and Defendants' Exhibit 1 at 22-23). However, assuming *arguendo* the existence of noise, Plaintiff's own testimony establishes that the noise came from other inmates. (56.1(a) ¶9, Defendants' Exhibit 1 at 22-23). Moreover, Plaintiff has not alleged any physical injury resulting from exposure to noise. (56.1(a) ¶9, Plaintiff's complaint). When asked about injury, Plaintiff testified that he would be tired in the morning. (56.1(a) ¶9, Defendants' Exhibit 1 at 29). Accordingly, regarding demonstrating the elements of deliberate indifference, Plaintiff cannot establish that Defendant Sheahan, Defendant Kurtovich, or Defendant Hall knew of and disregarded an excessive risk to Plaintiff's health or safety, as required by the subjective component of deliberate indifference. Moreover, regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall, Plaintiff cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury. Finally, Plaintiff cannot demonstrate physical injury required by PLRA.

**Unclean lavatories and insufficient cleaning supplies:**

Plaintiff seeks relief under § 1983 based on complaints of the lavatories not being clean and of not being provided with sufficient cleaning supplies. (56.1(a) ¶10, Plaintiff's Complaint and Defendants' Exhibit 1 at 23-28). Nonetheless, Plaintiff testified that cleaning materials, including Ajax, a mop, and a broom, were provided twice a day, in the day between 2 and 3 and at nighttime between 9 and 10. (56.1(a) ¶10, Defendants' Exhibit 1 at 23-28). Accordingly, regarding demonstrating the elements of deliberate indifference, Plaintiff cannot establish that Defendant Sheahan, Defendant Kurtovich, or Defendant Hall knew of and disregarded an excessive risk to Plaintiff's health or safety, as required by the subjective component of

deliberate indifference. Moreover, regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall, Plaintiff cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury.

Moreover, Plaintiff does not allege physical injury resulting from either unclean lavatories or deficient cleaning supplies. Thus, Plaintiff cannot demonstrate physical injury required by PLRA. *Funchess v. Doe*, 96 C 4767, 1997 U.S. Dist. Lexis 162 (1997) (having to walk through water mixed with urine does not give rise to § 1983 claim without an injury).

**Lack of recreation:**

Plaintiff seeks relief under § 1983 based on complaints of not receiving enough recreation time. (56.1(a) ¶11, Plaintiff's Complaint and Defendants' Exhibit 1 at 24). According to Plaintiff, he received recreation once per week. (56.1(a) ¶11, Defendants' Exhibit 1 at 24). Plaintiff also acknowledged engaging in physical activities, such as lifting weights and playing ball. (56.1(a) ¶11, Defendants' Exhibit 1 at 26). Plaintiff's complaint fails to demonstrate deliberate indifference, as a reasonable restriction on recreation time does not constitute a constitutional violation. *Hall v. Ryan,* 2006 U.S.Dist. Lexis 76567, citing *Delaney v. DeTella,* 256 F.3d 679 (7th Cir. 2001); *Thomas v. Ramos,* 130 F.3d 754 (7th Cir. 1997); and *Harris v. Fleming,* 839 F.2d 1232 (7th Cir. 1988).

Moreover, when asked about physical injury, Plaintiff failed to articulate specific injury resulting from his alleged restricted recreation time. (56.1(a) ¶13, Defendants' Exhibit 1 at 24). Thus, Plaintiff cannot demonstrate physical injury required by PLRA.

**Medical negligence:**

Plaintiff seeks relief under § 1983 based on complaints of "medical negligence". (56.1(a) ¶12, Plaintiff's Complaint and Defendants' Exhibit 1 at 24-27). Plaintiff asserted that "a guy" came on his tier for about two weeks and that he "found out" that the guy had "TB". (56.1(a) ¶12, Defendants' Exhibit 1 at 24-25). Plaintiff testified that to him, based on experience, said guy was "not screened properly" and that breathing with the guy exposed Plaintiff to the same problem. (56.1(a) ¶12, Defendants' Exhibit 1 at 24-25). Nonetheless, Plaintiff acknowledged that he has never tested positive for TB. (56.1(a) ¶12, Defendants' Exhibit 1 at 25). Thus, Plaintiff cannot demonstrate physical injury required by PLRA.

Plaintiff also referred to a hernia. (56.1(a) ¶13, Defendants' Exhibit 1 at 25-26). Plaintiff acknowledged that he spoke to Defendant Hall and that he was then able to see a doctor. (56.1(a) ¶13, Defendants' Exhibit 1 at 25-26).

Plaintiff also testified to rectal bleeding. (56.1(a) ¶14, Defendants' Exhibit 1 at 26). Plaintiff testified that he was allowed to see a doctor, who believed the problem was hemorrhoids and prescribed medication for it. (56.1(a) ¶14, Defendants' Exhibit 1 at 26). Plaintiff was also scheduled for a colonoscopy to determine if it was cancer. (56.1(a) ¶14, Defendants' Exhibit 1 at 26). The colonoscopy was cancelled and was rescheduled, and Plaintiff was transferred from the jail before the rescheduled colonoscopy could take place. (56.1(a) ¶14, Defendants' Exhibit 1 at 26-27).

Finally, Plaintiff testified that he suffered from asthma before coming into the jail. (56.1(a) ¶15, Defendants' Exhibit 1 at 36-37). Plaintiff also acknowledged that he was provided with an inhaler, which helped him to regulate his breathing, that he was allowed to keep it with him at all times, and that he did not have any asthma attacks during his time at the jail. (56.1(a) ¶15, Defendants' Exhibit 1 at 27, 37).

Regarding demonstrating the elements of deliberate indifference, Plaintiff's testimony about the hernia, rectal bleeding, and asthma fails to demonstrate that he was denied the "minimal civilized measure of life's necessities", as required by the objective component of the deliberate indifference analysis. Moreover, said testimony fails to demonstrate that Defendant Sheahan, Defendant Kurtovich, or Defendant Hall knew of and disregarded an excessive risk to Plaintiff's health or safety, as required by the subjective component of deliberate indifference.

Moreover, regarding demonstrating either an individual or official capacity claim against Defendant Sheahan, Defendant Kurtovich, or Defendant Hall, the testimony about the hernia, rectal bleeding, and asthma cannot show either that any Defendant was personally involved in a deprivation of his constitutional rights or that any Defendant was officially responsible for an unconstitutional policy which caused injury.

Finally, the quality of healthcare provided by professionals employed at Cermak Health Services has nothing to do with the §1983 liability of Defendants Sheahan, Kurtovich, and Hall, as Cermak Health Service is a legal entity distinct from that of Defendants. *Nyberg v. Puisis*, 93 C 6602, 1995 U.S. Dist. Lexis 14004; 55 ILCS 55-37001.

**Cold breakfast and dinner:**

Plaintiff seeks relief under § 1983 based on complaints of breakfast and dinner always being served cold. (56.1(a) ¶16, Plaintiff's Complaint and Defendants' Exhibit 1 at 29). Plaintiff acknowledged, however, that he was fed regularly. (56.1(a) ¶16, Defendants' Exhibit 1 at 29). Regarding both the objective and subjective components of the deliberate indifference analysis, complaints about cold food simply do not demonstrate a constitutional violation. *Hall v. Ryan, et. al.,* 2006 U.S.Dist. Lexis 76567 (being served spoiled milk and cold food and food being delivered on unsanitary carts do not demonstrate the objective and subjective components of a constitutional violation). Moreover, Plaintiff cannot demonstrate physical injury required by PLRA.

**II.    Defendants are entitled to summary judgment because Plaintiff cannot show that he was actually housed at the Jail during the time period about which he complains.**

Plaintiff seeks relief under § 1983 based on complaints of being subjected to poor conditions for a time period starting on May 22, 2005 and running until August 29, 2005. (56.1(a) ¶20, Plaintiff's complaint and Defendants' Exhibit 1 at 4, 7, 9, 10). For example, Plaintiff alleges that from May 22, 2005 to July 1, 2005, he was exposed to tobacco smoke; and he alleges that on August 29, 2005, he got sick after having been exposed to two weeks of cold temperatures. (56.1(a) ¶20, Defendants' Exhibit 1 at 7, 9, 10).

Nonetheless, Plaintiff's Housing Record shows that Plaintiff was admitted into the Jail on March 22, 2005, was released from the jail on March 23, 2005, remained on electronic monitoring/day reporting from March 23, 2005 until August 27, 2005, and was re-admitted into the Jail on August 27, 2005. (56.1(a) ¶20, Defendants' Exhibit 2, Janus affidavit). Accordingly, Plaintiff cannot recover for jail conditions allegedly existing for a time period during which he was not housed at the Jail.

## **CONCLUSION**

WHEREFORE, Defendants Michael Sheahan, Scott Kurtovich, Ardell Hall for all of the foregoing reasons, respectfully request that this Honorable Court grant Defendant summary judgment along with fees and costs and such other relief as this Court deems just and appropriate.

    Respectfully Submitted,
    RICHARD A. DEVINE
    State's Attorney of Cook County

    *s/Romano D. DiBenedetto*
    Romano D. DiBenedetto
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, IL  60602
    (312) 603-4634